Argued September 21, affirmed October 25, 1976

STATE OF OREGON, *Respondent,*
*v.*
JACK THOMAS COLVIN, *Appellant.*
(No. C-75-02-0653 Cr, CA 6382)

555 P2d 470

*Martin W. Van Zeipel,* Portland, argued the cause and filed the brief for appellant.

*Donald L. Paillette,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Fort and Lee, Judges.

LEE, J.

**LEE, J.**

Defendant appeals his conviction of robbery in the first degree, ORS 164.415.[1]

In the early morning hours three men walked into an all-night grocery store in Portland. The clerk on duty was alone. One of the trio was the defendant who went to the ice cream cooler; the other two men went to the meat cooler.

The clerk testified:

"* * * Mr. Colvin [defendant] picked up a few items, and then he shouted, 'Do you want this?'

"And then one of them said, 'No, I don't.'

"Then he threw those back in, and then he picked up

---

[1] ORS 164.415 provides:

"(1) A person commits the crime of robbery in the first degree if he violates ORS 164.395 and he:

"(a) Is armed with a deadly weapon; or

"(b) Uses or attempts to use a dangerous weapon; or

"(c) Causes or attempts to cause serious physical injury to any person.

"(2) Robbery in the first degree is a Class A felony."

ORS 164.395 provides:

"(1) A person commits the crime of robbery in the third degree if in the course of committing or attempting to commit theft he uses or threatens the immediate use of physical force upon another person with the intent of:

"(a) Preventing or overcoming resistance to his taking of the property or to his retention thereof immediately after the taking; or

"(b) Compelling the owner of such property or another person to deliver the property or to engage in other conduct which might aid in the commission of the theft.

"(2) Robbery in the third degree is a Class C felony."

ORS 164.015 provides:

"A person commits theft when, with intent to deprive another of property or to appropriate property to himself or to a third person, he:

"(1) Takes, appropriates, obtains or withholds such property from an owner thereof; or

"(2) Commits theft of property lost, mislaid or delivered by mistake as provided in ORS 164.065; or

"(3) Commits theft by extortion as provided in ORS 164.075; or

"(4) Commits theft by deception as provided in ORS 164.085; or

"(5) Commits theft by receiving as provided in ORS 164.095."

something else. Then, 'Do you want this?'
"And then they said, 'No.' "

Defendant left the store—without taking anything from the store with him. Shortly afterward, the other two men left the store with some sliced meats and bologna and told the clerk that the defendant would pay for what they were taking. Defendant then reentered the store and told the clerk that he was not going to pay for what the other two had taken. After some argument the defendant left the store. The clerk testified that prior to leaving the second time, the defendant said, "If you follow me, then I will kill you." The defendant proceeded to a parked car and the clerk pursued him. One of the other two men was in the driver's seat of the car. At the car defendant "pulled out" an air rifle and fired two shots in the direction of the clerk. (Defendant claimed the rifle was unloaded.) No projectile struck the clerk.

One of the other two men, a Mr. Stromer, was a coindictee. Police seized an air rifle allegedly used in the robbery and some pellets from Stromer the day after the incident. The rifle and pellets were introduced in evidence.

■ Defendant's first assignment of error is the trial court's denial of his motion for acquittal. ORS 136.445 provides that

"[i]n any criminal action the defendant may, after close of the state's evidence or of all the evidence, move the court for a judgment of acquittal. The court shall grant the motion if the evidence introduced theretofore is such as would not support a verdict against the defendant. The acquittal shall be a bar to another prosecution for the same offense."

In reviewing the denial of such motion, we view the evidence in the light most favorable to the state. *State v. Nix,* 7 Or App 383, 386, 491 P2d 635 (1971).

■ Defendant contends that there was insufficient

evidence of the theft element of robbery[2] by him. While the evidence is undisputed that the defendant did not himself take anything from the store, this is not the only basis for liability. ORS 161.155(2)(b) provides that:

"A person is criminally liable for the conduct of another person constituting a crime if:

"* * * * *

"(2) With the intent to promote or facilitate the commission of the crime he:

"(b) Aids or abets or agrees or attempts to aid or abet such other person in planning or committing the crime * * *.

"* * * * *."

The fact that the defendant and the other two men were shopping together, conversed together while in the store, and left at approximately the same time, and defendant aided the escape by firing a rifle carried in the get-away car, was sufficient evidence for the jury to find that defendant aided or abetted in the offense.

■ The second assignment of error is the admission of the air gun pellets. Defendant contends that they were irrelevant. They were relevant, however, to establish that the air rifle was a dangerous weapon—one of the elements of first degree robbery.

Affirmed.

---

[2] *See* fn. 1.